MOTSINGER DEVICE MFG. CO. v. HENDRICKS NOVELTY CO.

(Circuit Court of Appeals, Seventh Circuit. November 9, 1906.)

No. 1,264.

PATENTS—INFRINGEMENT—CONTROLLER FOR SPARK GENERATORS.

The Motsinger patent, No. 642,869, for a controlling means for spark generators, adapted to maintain a constant speed of a driven shaft in a gas engine by means of a peripheral frictional contact between a driving wheel and a pulley on such shaft, and means whereby the grip of one wheel upon the other is automatically so varied that, though the driving wheel may rapidly change from low to high speed, the speed of the driven pulley will not substantially change, in view of the prior mechanical art in which all the means employed were old, is not a pioneer patent, and must be limited to the substantial construction shown. As so limited *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Indiana.

The bill is to restrain infringement of letters patent No. 642,869, issued Feb. 6th, 1900, to Homer N. Motsinger, for a new and useful Controlling Means for Spark Generators.

The claim relied upon is as follows:

"In a mechanical movement for maintaining a constant speed of a driven shaft, a driving pulley, a driven shaft carrying a pulley adapted to engage peripherally the driving pulley, and a speed controlled governor carried by said driven shaft, and means for throwing said driven pulley out of and into engagement with the driving pulley."

The Circuit Court dismissed the bill for want of equity. The drawing in appellant's patent is as follows, and appellee's device is illustrated as follows:

Appellant's Patent.

Appellee's Device.

Driver

Driven Pulley

Shaft.    Stationary.    Movable

Other patents cited in the record are as follows:

No. 195,322, Sept. 18, 1877, J. S. Adams.
No. 210,847, Dec. 17, 1878, W. H. Fruen.
No. 230,264, July 20, 1880, E. T. Gilliland.
No. 267,965, Nov. 21, 1882, F. Anderson.
No. 295,060, March 11, 1884, C. J. Shuttleworth.
No. 345,670, July 20, 1886, A. Campbell.
No. 352,368, Nov. 9, 1886, C. E. Skinner.
No. 367,241, July 26, 1887, A. W. Schleicher.
No. 368,265, Aug. 16, 1887, G. T. Woods.
No. 403,376, May 14, 1889, N. Rogers et al.
No. 437,704, Oct. 7, 1890, R. Lundell.
No. 438,077, Oct. 7, 1890, D. Mackie.
No. 438,204, Oct. 14, 1890, E. Thompson.
No. 440,590, Nov. 11, 1890, F. D. Hardy.
No. 452,976, May 26, 1891, H. D. Goodwin.
No. 456,392, July 21, 1891, H. A. Ballard.
No. 462,348, Nov. 3, 1891, C. E. Chinnock.
No. 491,829, Feb. 14, 1893, J. A. Williams.
No. 504,132, Aug. 29, 1893, M. Moskowitz.
No. 633,516, Sept. 19, 1899, R. L. Hunter.
No. 659,194, Oct. 2, 1900, F. W. Baynes.
No. 751,993, Feb. 9, 1904, G. J. & G. Pelstring.
No. 757,891, April 19, 1904, I. J. Daily.
Further facts are stated in the opinion of the court.

Chester Bradford and Arthur M. Hood, for appellant.
H. V. Lockwood, for appellee.
Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge.  The mechanism employed by Motsinger, to put into effect the idea embodied in the patent in suit, is the fly wheel of a gas engine in frictional contact with a smaller wheel or pulley connected with the spark generator, together with means for throwing the generator pulley out of and into engagement with the fly wheel; the purpose being to so vary the contact or grip of the pulley upon the wheel, that when the wheel starts at a low rate of speed, the pulley will at once revolve at a much quicker speed, but when the wheel attains a high rate of speed, the speed of the pulley will not be drawn along with it—a speed approaching constancy being in that way secured to the pulley, and to the spark generator dependent on the pulley for its revolutions.

Laying aside for the moment the argument that Motsinger for the first time gave to the world the idea of a spark generator, "self contained," and looking to the mechanism only in which that idea is said to be embodied, we ascertain from the prior art that one wheel driven by another, through the device of frictional contact, is old.  Also that a large wheel, driving a small wheel peripherally, around axes in different alignment, though by cog engagement, is old; so that Motsinger did nothing more than to substitute in the wheels of the old art, engagement by friction for engagement by cogs, a substitution that apart from all other considerations—frictional engagement being well known—would not in our judgment constitute pioneer invention.  Indeed, outside of the concept of a "self contained" generator as a resultant, we do not think that any such claim would be urged.

Laying aside, again, for the moment, the argument that Motsinger

gave to the world, for the first time, a spark generator "self contained," it is plain that the immediate mechanical purpose of his frictional contact—the constancy of motion to be obtained for one of the wheels —is itself old, that being the purpose of nearly all of the devices where two wheels are frictionally engaged. And when we come to the mechanical means, other than those already pointed out, through which constancy of motion is effected, including the speed controlled governor —that is, the means whereby the grip of the one wheel upon the other is automatically so varied that though the one wheel may rapidly change from low to high speed, the speed of the other wheel will not substantially change—we find that they, too, are old, varying only with the kind of mechanism to which they are applied; so that the chief consideration in favor of this patent, as a pioneer invention, resides in the claim that in this combination for the first time, was made practicable a spark generator so "self contained, that it could be mounted in an operative position with any gas engine of any kind."

But standing in the way of this consideration is the fact, that before the Motsinger patent, there were generators, also self contained, that could be mounted in an operative position with any gas engine of any kind. Williams patent, No. 491,829, Thompson patent, No. 438,204, Rogers patent, No. 403,376. And standing also in the way of this consideration is the fact that before the Motsinger patent, generators were driven by the peripheral engagement of driving and driven pulleys; the only difference in this respect being that in the previous devices, the engagement was by cog wheel; so that Motsinger did not, for the first time, give to the world either the idea of a spark generator self contained, or a practical mechanism through which such spark generator could be operated.

Taking into consideration then just what Motsinger has done—the constructive idea being old, the mechanism being old, except his substitution of frictional peripheral engagement (frictional engagement being old) for cog peripheral engagement—we are forced to the conclusion, that though Motsinger's patent may cover a valuable improvement, it is not a pioneer patent, and must therefore be limited to the substantial mechanical means therein pointed out, or their mechanical equivalent.

Except to the extent that appellee's device has "a driven shaft carrying a pulley adapted to engage peripherally the driving pulley," the mechanical means employed by appellee confessedly differ from those of appellant. The contention of appellant, however, is that any arrangement of wheel and pulley whereby the center of the frictional contact or grip is near the periphery, or away from a common axis, is an engagement peripherally, and comes, thereby, within his specific mechanical construction; so that what is meant by the word "peripherally"—always remembering that the patent is not a pioneer patent —comes in point.

By "periphery," generally, is meant the outside or superficial part of a body. (Century Dictionary.) When applied to a sphere, it is of course the whole of the exterior surface. When applied to a disk, it means, we think, unless a larger meaning is clearly implied, the outer edge of the disk. That Motsinger had such a definition in mind, when

he drew up his letters patent, is evidenced by the fact that his drawings show nothing else, and that there is nothing in the description that the drawings are meant to be only a preferable or alternative method. Indeed, every mechanical expedient (and they are many) utilized by Motsinger to throw his device into, and out of, engagement, is wholly inapplicable to a like purpose in appellee's device—the adjustment in one case being effected by a parallel motion of the shaft, and in the other, by a longitudinal motion.

Nor is the issue thus raised, involving the word "peripherally," an issue simply over the definition of a word; for, in the absence of a nice adjustment of the shaft to the other parts of the generator, the so-called electric field cannot be made effective; and any wearing out of the shaft, that destroys this adjustment, tends to destroy the field; so that—the Motsinger drawings and description showing an engagement of the pulleys that subject it to side pressure only, and the appellee showing end pressure only—there are presented two mechanical devices that may differ very greatly, in degree at least, as to the dangers of wear and tear likely to affect the electric field.

Considered, then, as a limited patent for a specific form of construction, we do not think the appellee infringes appellant's patent. Progress in nearly every field of mechanical activity is like the advance of the tide—the last high mark having been attained, not by a single thought thrown far in advance of the flood, but by the column of thought that the weight of the flood projects. Where one inventive mind has run far out, marking a distinct field to be thereafter covered, it is not difficult for the courts to set the stakes that give boundary to the advance. But when the advance is an item only of a similar advance all along the line—is borrowed almost altogether from the advance along the line—care must be taken that the boundaries given do not include, up and down the line, every character of mechanism that may thereafter bring about similar results. And to give to this patent, through an enlargement of the word "peripherally," the scope now urged upon us—a definition growing out of what Motsinger has since seen, rather than out of any thought in his mind when the word was first employed—would be to give to his patent a monopoly on a practice in mechanics that in principle, at least, is as old as the day that wheels were first made that peripherally operated other wheels. This, of course, we cannot do. The decree is

Affirmed.